IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KANE COMMUNICATIONS LLC, | § § § | |
| *Plaintiff/Counter-defendant*, | § § | |
| vs. | § § | Civil No. No. 3:23-cv-00824 |
| COMPUCOM SYSTEMS INC., | § § § | |
| *Defendant/Counter-plaintiff*. | § § | |

**COMPUCOM SYSTEMS, INC.'S
DESIGNATION OF EXPERT WITNESSES**

Defendant/Counter-plaintiff CompuCom Systems, Inc. files this designation of expert witnesses pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and this Court's January 10, 2024, order modifying scheduling order.

CompuCom designates the following witnesses to provide expert testimony at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence:

**I.   Rule 26(a)(2)(B) Witnesses**

1.   **Philip Isaak**
     ISAAK TECHNOLOGIES, INC.
     8301 Chestnut Court
     Victoria, Minnesota
     Tel. (952) 679-4604

Mr. Isaak is a senior engineer and President of Isaak Technologies, Inc., where (among other things) he provides analysis and consulting services to clients regarding data centers, network infrastructure, and IT project management. CompuCom engaged Mr. Isaak to review and analyze issues raised by the parties' claims and defenses in this lawsuit.

| **Rule 26(a)(2)(B)(i)**: | "a complete statement of all opinions the witness will express and the basis and reasons for them" |
|---|---|
| Mr. Isaak has prepared a report, which is being served on all parties in this lawsuit but is not being filed as an exhibit to these designations. Mr. Isaak's report contains a complete statement of all opinions he will express, and the basis and reasons for them. ||

| **Rule 26(a)(2)(B)(ii)**: | "the facts or data considered by the witness in forming them" |
|---|---|
| Mr. Isaak has prepared a report, which is being served on all parties in this lawsuit but is not being filed as an exhibit to these designations. Mr. Isaak's report sets forth the facts or data he considered in forming his opinions for this matter. ||

| **Rule 26(a)(2)(B)(iii)**: | "any exhibits that will be used to summarize or support them" |
|---|---|
| Mr. Isaak has prepared a report, which is being served on all parties in this lawsuit but is not being filed as an exhibit to these designations. Mr. Isaak's report incorporates and/or encloses exhibits he currently intends to use to summarize or support the opinions he formed for this matter. ||

| Rule 26(a)(2)(B)(iv): | "the witness's qualifications, including a list of all publications authored in the previous 10 years" |
|---|---|

Mr. Isaak has prepared a report, which is being served on all parties in this lawsuit but is not being filed as an exhibit to these designations. Mr. Isaak's report encloses his curriculum vitae, which includes a description of Mr. Isaak's qualifications and a list of publications he has authored in the previous ten years.

| Rule 26(a)(2)(B)(v): | "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition" |
|---|---|

Mr. Isaak has prepared a report, which is being served on all parties in this lawsuit but is not being filed as an exhibit to these designations. Mr. Isaak's report encloses a list of the cases in which, during the previous four years, he testified as an expert at trial or by deposition.

| Rule 26(a)(2)(B)(vi): | "a statement of the compensation to be paid for the study and testimony in the case" |
|---|---|

Mr. Isaak has prepared a report, which is being served on all parties in this lawsuit but is not being filed as an exhibit to these designations. Mr. Isaak's report contains a statement of the compensation to be paid for his study and testimony in this lawsuit.

2. **Rod Francovalle**
   SPIRE CONSULTING GROUP, LLC
   Norwood Tower
   114 West 7th Street, Suite 1300
   Austin, Texas 78701
   Tel. (512) 637-0845

Mr. Francovalle is a director of project controls for Spire Consulting Group, where (among other things) he provides analysis and consulting to clients regarding

delay and damages. CompuCom engaged Mr. Francovalle to review and analyze issues raised by the parties' claims and defenses in this lawsuit.

| **Rule 26(a)(2)(B)(i)**: | "a complete statement of all opinions the witness will express and the basis and reasons for them" |
|---|---|
| Mr. Francovalle has prepared a report, which is being served on all parties in this lawsuit but is not being filed as an exhibit to these designations. Mr. Francovalle's report contains a complete statement of all opinions he will express, and the basis and reasons for them. ||

| **Rule 26(a)(2)(B)(ii)**: | "the facts or data considered by the witness in forming them" |
|---|---|
| Mr. Francovalle has prepared a report, which is being served on all parties in this lawsuit but is not being filed as an exhibit to these designations. Mr. Francovalle's report sets forth the facts or data he considered in forming his opinions for this matter. ||

| **Rule 26(a)(2)(B)(iii)**: | "any exhibits that will be used to summarize or support them" |
|---|---|
| Mr. Francovalle has prepared a report, which is being served on all parties in this lawsuit but is not being filed as an exhibit to these designations. Mr. Francovalle's report incorporates and/or encloses exhibits he currently intends to use to summarize or support the opinions he formed for this matter. ||

| **Rule 26(a)(2)(B)(iv)**: | "the witness's qualifications, including a list of all publications authored in the previous 10 years" |
|---|---|
| Mr. Francovalle has prepared a report, which is being served on all parties in this lawsuit but is not being filed as an exhibit to these designations. Mr. Francovalle's report encloses his curriculum vitae, which includes a description of Mr. ||

Francovalle's qualifications and a list of publications he has authored in the previous ten years.

| Rule 26(a)(2)(B)(v): | "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition" |
|---|---|

Mr. Francovalle has prepared a report, which is being served on all parties in this lawsuit but is not being filed as an exhibit to these designations. Mr. Francovalle's report encloses a list of the cases in which, during the previous four years, he testified as an expert at trial or by deposition.

| Rule 26(a)(2)(B)(vi): | "a statement of the compensation to be paid for the study and testimony in the case" |
|---|---|

For this project, Mr. Francovalle bills his time at a rate of $370/hour.

## II. Rule 26(a)(2)(C) Witnesses

**1.  Ron DeLand**
Project manager
CompuCom Systems, Inc.
c/o Julie Springer
WEISBART SPRINGER HAYES LLP
212 Lavaca Street, Suite 200
Austin, Texas 78701
Tel. (512) 652-5780
Fax (512) 682-2074

| Rule 26(a)(2)(C)(i): | "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" |
|---|---|

Plaintiff/counter-defendant Kane Communications, LLC's performance of and compliance with contractual obligations to CompuCom.

- 5 -

| **Rule 26(a)(2)(C)(ii)**: | "a summary of the facts and opinions to which the witness is expected to testify" |

Mr. DeLand communicated with Kane representatives regarding the work it was to perform pursuant to its agreements with CompuCom. Mr. DeLand also visited stores where Kane performed work, and reviewed and/or inspected portions of work performed by Kane.

Mr. DeLand is of the opinion that Kane failed to comply with its contractual obligations to CompuCom by, among other things:

- assigning unqualified technicians to perform work at store locations;
- frequently assigning new technicians to store locations due to unacceptably high turnover;
- performing work in a manner that did not comply with contractual requirements, Target guidelines, local ordinances, and/or industry standards of care; and
- for work Kane did perform properly, failing to consistently and properly document work it performed.

2. **Brenda Hanson**
Program director
CompuCom Systems, Inc.
c/o Julie Springer
WEISBART SPRINGER HAYES LLP
212 Lavaca Street, Suite 200
Austin, Texas 78701
Tel. (512) 652-5780
Fax (512) 682-2074

| **Rule 26(a)(2)(C)(i)**: | "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" |

Kane's performance of and its compliance with contractual obligations to

| | |
|---|---|
| CompuCom. | |

| Rule 26(a)(2)(C)(ii): | "a summary of the facts and opinions to which the witness is expected to testify" |
|---|---|
| Ms. Hanson is familiar with CompuCom's contracts and Statements of Work (SOW) with Target Corporation, and with Kane; the methods and procedures for documenting the assignment and completion of construction and remodeling tasks at Target stores, including the use of the Smartsheet software program; Kane's documentation (or lack thereof) of the work it performed; Kane's compliance with its contract and SOWs with CompuCom, and with Target requirements and guidelines; CompuCom's termination of Kane; and CompuCom's retention of replacement subcontractors to complete work in place of Kane.<br><br>Ms. Hanson is of the opinion that Kane failed to comply with its contractual obligations to CompuCom by, among other things:<br><br>• performing work in a manner that did not comply with contractual requirements or Target guidelines; and<br><br>• for work Kane did perform properly, failing to consistently and properly document work it performed.<br><br>Ms. Hanson is further of the opinion that CompuCom acted reasonably in:<br><br>• terminating its contract with Kane; and<br><br>• searching for and retaining qualified and reasonably priced replacement subcontractors to complete Kane's work. | |

3.   **Julie Springer**
     **James Hatchitt**
     **Colleen Murphey**
     WEISBART SPRINGER HAYES LLP
     212 Lavaca Street, Suite 200
     Austin, Texas 78701
     Tel. (512) 652-5780
     Fax (512) 682-2074

Ms. Springer is an attorney who has been licensed to practice law in Texas

since 1987. Mr. Hatchitt is an attorney who has been licensed to practice law in Texas since 2010. Ms. Murphey is an attorney who has been licensed to practice law in Texas since 2016.

All three attorneys represent CompuCom in this lawsuit. Their resumes and bibliographies are available for public inspection at http://www.wshllp.com

| **Rule 26(a)(2)(C)(i)**: | "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" |
|---|---|
| Ms. Springer, Mr. Hatchitt, and/or Ms. Murphey will testify as to any claim for attorney's fees (reasonableness and/or necessity) that any party makes in this lawsuit. ||

| **Rule 26(a)(2)(C)(ii)**: | "a summary of the facts and opinions to which the witness is expected to testify" |
|---|---|
| Ms. Springer, Mr. Hatchitt, and Ms. Murphey are all familiar with (i) the reasonableness of attorneys' fees charged within the geographic confines of the United States District Court for the Northern District of Texas in general, and within Dallas County, Texas, in particular; and (ii) the factors described in the Texas Disciplinary Rules of Professional Conduct and the Supreme Court of Texas's opinions in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812 (Tex. 1997), *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757 (Tex. 2012), and *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019). ||
| Ms. Springer, Mr. Hatchitt , and Ms. Murphey have not prepared reports, and have not rendered opinions yet on the reasonableness or necessity of the attorney's fees charged in this case, because this case is not finished, and fees continue to accrue. ||
| No party has yet produced any information pertaining to attorney's fees or claims for Ms. Springer, Mr. Hatchitt, or Ms. Murphey to review. ||

### III.     Other

**1.     Cross Designations**

CompuCom hereby cross-designates any expert witnesses who have been identified by any other party in this lawsuit (whether present at the time of trial or not). CompuCom does not admit or deny that it is in agreement with some or all of the opinions held by any such identified individuals, but reserves the right to call and/or cross-examine those witnesses on all issues related to liability, causation, and damages.

Nothing herein, however, shall be construed as a waiver of CompuCom's right to object to any designated expert witness's testimony on any grounds, including, but not limited to, the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

**2.     Witnesses Identified Through Discovery**

CompuCom reserves the right to call any expert identified in written discovery responses of the parties or documents produced by the parties; any expert identified in documents or written responses acquired through the use of a subpoena or affidavit; any expert identified, by oral testimony or exhibit, pursuant to a deposition in this action; and any expert deposed in this action.

**3.     Rebuttal and Other Expert Witnesses**

CompuCom reserves the right to call undesignated rebuttal expert witnesses

whose testimony cannot reasonably be foreseen until the presentation of the evidence against CompuCom.

4.  **Right to Withdraw Designation of any Expert Witness**

CompuCom reserves the right to withdraw the designation of any expert and to aver positively any such previously designated expert witness will not be called as a witness at trial, and to re-designate same as a consulting expert, who cannot be recalled by opposing counsel.

5.  **Right to Elicit any Opinion or Lay Opinion Testimony**

CompuCom reserves the right to elicit any expert opinion or lay opinion testimony at the time of trial that would be truthful, would be of benefit to the jury to determine material issues of fact, and would not violate any existing Court Order, the Federal Rules of Civil Procedure, or the Federal Rules of Evidence.  To the extent that any witness identified as an individual likely to have discoverable information by any party to this action is qualified by education, training, or experience to give any expert opinion, CompuCom reserves the right to elicit expert opinions and testimony from any such witness.

6.  **Reservation of Rights**

CompuCom reserves the right to amend or supplement these designations, by agreement of the parties and/or as permitted by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or the orders of this Court.

Dated: February 21, 2024					Respectfully submitted,

											WEISBART SPRINGER HAYES, LLP

											*/s/ James Hatchitt*

											Julie A. Springer
											  State Bar No. 18966770
											  jspringer@wshllp.com
											James Hatchitt
											  State Bar No. 24072478
											  jhatchitt@wshllp.com
											Colleen Murphey
											  State Bar No. 24102258
											  cmurphey@wshllp.com
											212 Lavaca Street, Suite 200
											Austin, Texas 78701
											Tel. (512) 652-5780
											Fax (512) 682-2074

											Scott R. Riddle
											  State Bar No. 24059232
											  sriddle@thompsoncoe.com
											THOMPSON COE COUSINS & IRONS, LLP
											700 North Pearl Street, 25th Floor
											Dallas, Texas 75201
											Tel. (214) 292-3908

											*Attorneys for defendant/counter-claimant CompuCom Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was delivered on February 21, 2024, in accordance with Rule 5(b)(2) of the Federal Rules of Civil Procedure, to the parties listed and in the manner indicated below:

| | |
|---|---|
| Anderson Sessions | ✓ Electronic service |
| rasessions@cokinoslaw.com | ☐ In person |
| Conor G. Bateman | ☐ Registered mail, return receipt requested |

| | |
|---|---|
| cbateman@cokinoslaw.com<br>COKINOS YOUNG, PC<br>One Galleria Tower<br>13355 Noel Road, Suite 1375<br>Dallas, Texas 75240<br>Tel. (817) 635-3600<br>Fax (817) 635-3633 | ☐ Commercial delivery service<br>☐ Facsimile<br>☐ Electronic mail |

Shawn R. Farrell
sfarrell@cohenseglias.com
Tiffany R. Marini
tmarini@cohenseglias.com
1600 Market Street, 32nd Floor
Philadelphia, PA 19103
COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, PC
Tel. (215) 564-1700
Fax (215) 564-3066

*Attorney for plaintiff/counter-defendant Kane Communications, LLC*

_____
James Hatchitt

- 12 -